**REYNOLDS TRADING CORP. et al.,**
**Appellants,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 74-1.**

United States Court of. Customs and Patent Appeals.

Oct. 24, 1973.

MILLER, Judge.

Appellee has moved to dismiss this appeal and to quash the mandate from this court to the United States Customs Court to transmit the record and other appropriate documents.

The petition of appeal, entitled as above, was filed with this court on July 2, 1973, and the said mandate was issued the same date.

This appeal seeks relief from an order of the United States Customs Court, dated May 2, 1973, denying appellants' motion for rehearing and to vacate and set aside "separate orders of dismissal entered in the actions enumerated on the Schedule attached to said Order entered in the above-entitled proceeding". Appellants' assignment of errors refers to "separate orders of dismissal entered in the actions enumerated on the Schedule attached to the Order entered by said Court on May 2, 1973."

Upon receipt of the petition, the clerk of this court telephoned counsel for appellants to obtain further identification of the cases encompassed by the order below for the purpose of the mandate to the United States Customs Court and was given the following: "Court No. R67/2398, etc." This was confirmed by letter from said counsel dated July 2, 1973, and received by this court on July

5, showing copy sent to the Chief, Customs Section, Office of the Assistant Attorney General (Civil) in New York City, and inclosing a copy of the May 2, 1973, order of the United States Customs Court and the schedule attached thereto. The mandate contains a reference to "Reappraisement No. R67/2398, etc."

On August 22, 1973, appellee filed with the United States Customs Court a Motion to Settle the Record in this case; and on August 24, the appellee filed with this court the present motion to dismiss and to quash, asserting that no valid appeal has been filed because of failure of appellants to specify with sufficient particularity their names and the cases which are being appealed. In a Memorandum in Support of Motion, appellee cites Meyer & Lange et al. v. United States, 4 Ct.Cust.App. 422, T.D. 33855 (1913) for the proposition that the failure to include the case number(s) in the initial pleadings is a jurisdictional defect and is not curable by amendment after the statutory time for filing an appeal has elapsed. (The last day for filing an appeal in this case was July 3, 1973.)

Although appellee appears to have been informed with sufficient particularity to enable it to file a motion to settle the record, it complains that it cannot determine from the pleading filed with this court which case is under appeal and that it was not made a party to any amendment of the pleadings to include the case designation set forth in the mandate. At the same time, appellee states that its action to remedy defects as to the scope of the record (the motion to settle the record) is not to be a waiver of any of the relief sought by its motion to dismiss.

■■ We do not believe appellee can have it both ways. If it believed that it was being misled, surprised, prejudiced or damaged by defective pleadings, it should have moved promptly to quash the mandate instead of waiting until the United States Customs Court had gone to the time and expense of preparing the record and other documents pursuant to the mandate.

■ While it is true there are many Reynolds cases enumerated on the schedule attached to the order entered by the United States Customs Court on May 2, 1973, the only action of that court on appeal to this court is the order of May 2, 1973. Whatever Reynolds cases were encompassed by that order are encompassed by this appeal, and the only issue before us is the propriety of the denial of the plaintiff-appellants' motion by that order. The order was a single act—not a plurality of decisions in a plurality of cases. The subject matter of this appeal is not the "separate orders of dismissal entered in the actions enumerated on the attached Schedule" referred to in the order, but the order itself. In appealing therefrom, appellant was under no obligation to do more than identify that order with certainty in its petition, which it clearly has done.

The case of Meyer & Lange, *supra,* is readily distinguishable, because there the annexed schedule of cases did not include the names or numbers of the protests which were dismissed. The predecessor to this court laid down the following policy: "We think orderly practice, as well as compliance with the rules of this court, should require that the caption or body of the petition for review should embrace the names of the parties; that the names of the appealing parties should be signed to the petition; . . . and for the benefit of the profession attention is again called to the provisions of rule 3 of this court."

Rule 3 referred to is the same as present Rule 3 of this court and provides as follows: "Process to be issued from this court shall be of such form and style as is in use in the Supreme Court of the United States." Rule 10 of the Supreme Court provides that the notice of appeal shall specify the parties taking the appeal and that "All parties to the proceeding in the court from whose judgment the appeal is being tak-

en shall be deemed parties in this court, unless the appellant shall notify the clerk of this court in writing of his belief that one or more of the parties below have no interest in the outcome of the appeal."

██ In view of the foregoing, we hold that the action of the clerk of this court with respect to furnishing the reappraisement number on the mandate was a ministerial action within the proper scope of the court's responsibility rather than an attempt to cure a fatal defect in the pleadings. We do not agree with appellee's contention that 28 U.S.C. § 2601 and Rule 15 of this court implicitly require the appealing party to provide the specific case number below in any and all circumstances. Authorities cited by appellee for such a proposition are not responsive. As pointed out by appellant in its memorandum of opposition to the motion to dismiss, the cases of Cook & Sons Equipment, Inc. v. Killen, 277 F.2d 607 (9th Cir. 1960) and Van Hoose et al. v. Eidson et al., 450 F. 2d 746 (6th Cir. 1971) involved a breach of express rules (Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure, respectively). Also, in *Cook* the failure to name individuals as well as a corporation in the appeal was held fatally defective as to the individuals; while the holding in *Van Hoose* that the words "et al." did not inform as to which, if any, of three other parties besides Van Hoose desired to appeal and was more than clerical error runs counter to the above-quoted Rule 10 of the Supreme Court which Rule 3 of this court adopts.

Accordingly, the motion of appellee is denied.