REYNOLDS TRADING CORP. et al., Appellant(s),

v.

The UNITED STATES, Appellee.

T. H. GONZALES and A/C Florafil, S.A., et al., Appellant(s),

v.

The UNITED STATES, Appellee.

UNITED SILVER & CUTLERY CO. et al., Appellant(s),

v.

The UNITED STATES, Appellee.

The AKRON et al., Appellant(s),

v.

The UNITED STATES, Appellee.

EDWARD HYMAN CO. et al., Appellant(s).

v.

The UNITED STATES, Appellee.

GAMBLE IMPORT CORP. et al., Appellant(s),

v.

The UNITED STATES, Appellee.

Customs Appeal Nos. 74–1 to 74–6.

United States Court of Customs and Patent Appeals.

May 23, 1974.

Stein & Shostak, Los Angeles, Cal., attorneys of record, for appellants; James F. O'Hara, Los Angeles, Cal., of counsel.

Irving Jaffe, Asst. Atty. Gen., Andrew P. Vance, Chief, Joseph I. Liebman, New York City, for the United States.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This is a consolidated appeal from six separate orders of the United States Customs Court, each denying appellants' motion for an order granting a rehearing and vacating and setting aside separate orders of dismissal entered in the above cases and also in numerous other cases listed on schedules recited as being annexed to said six separate orders. The schedules annexed to the motions are not shown, as such, in the transcript; but separate schedules of cases are attached to the six separate orders and are certified by the clerk of the Customs Court to be identical to those recited as annexed to the motions. We affirm.

The appeals were consolidated by order of this court dated November 16, 1973, upon appellants' motion to consolidate, which included a request to limit the printed transcript of record on appeal to certain specified documents from Appeal No. 74–6 and to include in said transcript a statement that the specified documents are representative of the documents which comprise the records in the other appeals, Nos. 74–1 through 74–5. Said order granted the request but directed that the transcript also include certain specified papers and documents associated with each of the appeals, Nos. 74–1 through 74–5.

The motions for rehearing and vacating and setting aside separate orders of dismissal were filed in response to orders entered by the clerk of the Customs Court, each of which recited that the action, previously placed in the October 1970 reserve file, had not been removed therefrom by October 31, 1972, the expiration date of the two-year period for removal required by Rule 14.6 of the Customs Court, and dismissed the action for lack of prosecution.

 Appellee has moved to dismiss the appeals, contending that this court does not have jurisdiction to consider them since they are from orders denying motions for rehearing and vacating and setting aside the separate orders of dismissal. It cites this court's opinion accompanying a decision which denied appellee's earlier motion to dismiss one of these appeals for failure to specify with sufficient particularity the names of the cases being appealed. Reynolds Trading Corp. v. United States, 486 F.2d 1077, 61

CCPA —— (1973).[1] In that case this court determined that the only action of the Customs Court on appeal was its order denying appellants' motion for rehearing and vacating and setting aside the separate orders of dismissal. This court made it clear that the subject matter of the appeal is *not* the separate orders of dismissal enumerated on the schedule annexed to the order, but the order itself. This is confirmed by appellants' notice of appeal.

It is the generally-accepted doctrine that an appeal must be taken from the judgment of the lower court and that an appeal will not lie from an order denying a motion for a new trial, a motion for rehearing, or a motion to vacate a judgment. 6A Moore's Federal Practice (2d Ed.) ¶ 59, pp. 266–267, and cases cited therein. However, the doctrine is not without exception, particularly where an abuse of discretion by the trial court may be involved.[2] This court has indicated that the Customs Court is entrusted with the exercise of its sound discretion in ruling on a petition for rehearing and that such a ruling will not be disturbed unless it is "manifestly er-

roneous." Commonwealth Oil Refining Company, Inc. v. United States, C.A.D. 1105, 480 F.2d 1352, 60 CCPA 162 (1973).[3] Appellants argue that the Customs Court, in denying the motion for rehearing and vacating and setting aside the separate orders of dismisal, committed error that is manifest.

■ In considering this argument, we note the allegations of appellants' counsel in the affidavit in support of each of said motions, particularly the allegation that while a motion for rehearing was pending before the Customs Court in a related action [4] affecting the same cases involved here, orders of dismissal were entered by the clerk of the Customs Court.[5] Also pertinent to our consideration is appellants' assignment of error on the part of the Customs Court in promulgating, implementing, and applying Rule 14.6 of the court. The question, then, is whether denial of the motions for rehearing was "manifestly erroneous" under these circumstances.

Rule 14.6, which became effective October 1, 1970, provides as follows (em-

---

1. Appellee reargues the jurisdictional question which we decided there, but, for reasons stated in that opinion, we adhere to that decision.

2. Hill v. Pennsylvania Greyhound Lines, Inc., 174 F.2d 171 (3d Cir. 1949); Jordan v. Federal Farm Mortgage Corp., 152 F.2d 642 (8th Cir. 1945), cert. den., 328 U.S. 852, 66 S.Ct. 1339, 90 L.Ed. 1624 (1946).

3. This court has also stated that the decision of the trial court in dismissing a case for lack of prosecution will not be disturbed on appeal unless it is made to appear that there has been a gross abuse of discretion. United States v. Chas. Kurz Co., C.A.D. 941, 396 F.2d 1013, 55 CCPA 107 (1968).

4. Applied Research Laboratories v. United States, 70 Cust.Ct. ——, C.R.D. 73–2, 352 F.Supp. 498 (1973), reh. den., 70 Cust.Ct. ——, C.R.D. 73–7, 7 Cust.Bull. No. 13, p. 39 (1973). This case involved a motion allegedly filed by counsel on October 13, 1972, requesting the court to enter its order to (in the alternative):
 1. Stay the clerk of the court from entering an order of dismissal of cases in the

October 1970 reserve file until June 30, 1973.
 2. Transfer all of said cases to special disposition calendars at the respective ports of entry for disposition for June 30, 1973.
 3. Grant an extension of time to February 28, 1973, for cases on the October 1970 reserve file.
 This motion was denied. Following entry of some of the orders of dismissal involved in this appeal, the motion for rehearing was also denied. When an appeal was sought from the order denying the motion for rehearing, appellants' counsel was advised that the appeal papers would not be filed because such an order was not a final judgment from which an appeal would lie under 28 U.S.C. § 1541. The merits of the action of the Customs Court denying the relief requested in the *Applied Research Laboratories* case are not before us in this consolidated appeal.

5. We note that some of the orders of dismissal were entered after the Customs Court had acted on the motion for rehearing.

phasis added to show amendatory language added effective July 1, 1972):

### Rule 14.6 Reserve File

(a) Placement in Reserve File: All actions commenced in the court after the effective date of these rules (including all appeals for reappraisement and all protests received by the court after the effective date of these rules), and all actions described in Rule 14.9(c)(1) shall be placed in the reserve file for the month and year in which the action is commenced.

(b) Removal From Reserve File: An action may be removed from the reserve file: (1) upon the filing of a complaint pursuant to Rule 4.4; or (2) upon the granting of a motion for consolidation pursuant to Rule 10.3 or for suspension pursuant to Rule 14.-7(b); or (3) upon submission of the action to the court for decision upon an agreed statement of facts pursuant to Rule 8.1.

(c) Dismissal for Lack of Prosecution: An action which is not removed from the reserve file within a period of 2 years shall be dismissed for lack of prosecution, and *in the absence of the filing of a motion under sub-part (e) of this rule*, the clerk shall enter an order of dismissal without further direction of the court. The applicable 2-year period shall begin to run from the last day of the month in which the action is commenced, and shall end on the last day of the 24th month thereafter.

(d) Notice To Remove: At least 6 months before the expiration of the applicable 2-year period, the clerk shall send notice to the parties, in an action not previously removed from the reserve file, informing them that the action will be dismissed in accordance with paragraph (c) of this rule unless removed from the reserve file within the applicable period of time.

(e) Motion for Extension of Time: For good cause shown, the court may, upon motion, order an extension of the time, beyond the applicable 2-year period, within which an action may remain in the reserve file. *Any motion for extension of time shall be filed with the clerk not later than 15 days before the expiration of the period of time. An objection or response thereto shall be filed within 10 days after service of such motion. No order of dismissal shall be entered under Rule 14.6(c) until the court has acted on the motion. If the motion for extension of time is denied and less than 10 days remain, or the time has expired, for removing such actions from the reserve file pursuant to paragraph (b) of this rule, then the action shall continue to remain in the reserve file for 10 days after the court enters the order denying the extension of time.*

It was pursuant to paragraph (c) that the orders of dismissal were entered.

In its opinion in the *Applied Research Laboratories* case, supra, the Customs Court said that the period of two years provided by Rule 14.6 for removing cases from reserve file status to avoid automatic dismissal after October 31, 1972, "provided all counsel a reasonable and sufficient time to protect the interest of their respective clients." It noted that on January 10, 1972, the Chief Judge of the Customs Court had transmitted a letter to all counsel having cases in the October 1970 reserve file which letter pointed out that any action not removed from this reserve file on or before October 31, 1972, would be dismissed; also that in April of 1972 the clerk of the court sent a notice to all parties having actions not previously removed from the October 1970 reserve file advising that each action would be dismissed in accordance with Rule 14.6(c) unless removed within the applicable period.

It is appellants' position that the same cases which were the subject of the or-

ders of dismissal [6] involved here were also before the Customs Court in the alleged related action in which appellants had moved on October 13, 1972, for an extension of time or other alternative relief. Appellants point out that this relief was requested with respect to *all cases* [undesignated] "which may not have been voluntarily removed from the October, 1970 Reserve File . . . on or before October 31, 1972" except certain specifically designated cases listed in two attached schedules which counsel desired to abandon; and they argue that Rule 4.12(b) and Rule 14.6(e) of the Customs Court disclose no requirement that there be a specific designation of the cases covered by their motion of October 13, 1972. Therefore, they conclude, they were denied substantive rights [7] by the "arbitrary and unwarranted" ruling of the Customs Court that *all cases* (except the captioned case of Applied Research Laboratories v. United States and certain specified cases in the two attached schedules which were *not* designated for abandonment) were not properly the subject of their motion of October 13, 1972.

Appellee responds that the Customs Court's ruling was correct, pointing to the requirement of specific designation of cases in Rule 4.3(a) of the Customs Court, which reads as follows:

### Rule 4.3 Form Of Pleadings

(a) Caption; Names of Parties; Designation; Pagination: Every pleading and other paper to be filed with the court shall contain a caption in large and distinct type setting forth the name of this court, UNITED STATES CUSTOMS COURT, the title of the action, the court number, and a designation showing the nature of the

pleading or other paper. In the complaint the title of the action shall include the names of all the parties, but in subsequent pleadings or papers it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. The pagination of each pleading or other paper shall commence with page 1.

Appellee contends that Rule 4.3(a) applies to all written motions, including a motion for extension of time filed pursuant to Rule 14.6(e), and quotes from the Customs Court's opinion in which rehearing was denied in the *Applied Research Laboratories* case, supra:

Suffice it to say at this time, the necessity of identifying to this court the specific causes of action concerning which relief is sought or requested is academic. If counsel are unable to determine and designate by name and number the causes of action in the October 1970 Reserve File for which they wish to seek an extension of time, it would appear paradoxical that this court in turn should be expected to identify such actions out of a total of approximately 177,000 cases comprising the said October 1970 Reserve File.

Appellants argue that their counsel could not have had precise knowledge on October 16, 1972, (the latest date for filing a motion for extension of time with respect to cases in the October 1970 reserve file) of what individual cases would be pending in the reserve file on October 31, 1972, because of the procedure under Rule 14.6(b)(3) for submitting cases to the Customs Court upon agreed statements of facts. Under this procedure, it appears that a case is removed from the reserve file when the

---

6. Appellee's statement that approximately 1,157 cases were involved was not challenged by appellants.

7. The ten-day period for removing actions from the reserve file, provided by Rule 14.-6(e) after entry of an order denying a motion for extension of time, appears to be what is referred to.

defendant files with the clerk of the court a proposed decision and judgment covering the action. Appellants say that weeks or months may pass while defendant's counsel considers a submission proposed by the plaintiff, and during this time the case remains in the reserve file. According to appellants, this was the situation with respect to "several" of the actions in the reserve file at the time the October 13, 1972, motion for extension of time was filed. Apparently the Customs Court did not consider such a situation an excuse for failing to follow its Rule 4.3(a). Also, it is apparent that if appellants had complied with Rule 4.3(a) and had designated "several" cases which (without their knowledge) were removed from the reserve file under agreed statements of facts, the motion for extension of time as to such cases would merely have been inoperative.

In view of the foregoing and after carefully considering the briefs and record before the court, we do not find error in the promulgation of Rule 14.6 of the Customs Court; nor do we find that the action of the Customs Court, applying that rule in holding that the motion of October 13, 1972, did not, in view of the requirements of Rule 4.-3(a), embrace the undesignated cases and in dismissing those cases, was arbitrary and unwarranted.[8]

We hold that denial by the Customs Court of appellants' motions for rehearing was not manifestly erroneous.

Appellee's motion to dismiss is denied and the orders of the Customs Court denying appellants' motions for rehearing and vacating and setting aside separate orders of dismissal are affirmed.

---

8. This court has made it clear that the only limitation on the Customs Court's right to promulgate and interpret rules is that substantial rights of litigants not be unduly circumscribed. S. Stern & Co. v. United States, C.A.D. 830, 331 F.2d 310, 51 CCPA 15 (1963), cert. den., 377 U.S. 909, 84 S.Ct. 1169, 12 L.Ed.2d 179 (1964).