The **TIMKEN COMPANY**, Plaintiff,

v.

**UNITED STATES**, Defendant,

**Koyo Seiko Co., Ltd., and Koyo Corporation of U.S.A., Inc.; and NSK, Ltd. and NSK Corporation, Defendants–Intervenors.**

Court No. 90–06–00313.

United States Court of International Trade.

Dec. 23, 1991.

See also 777 F.Supp. 20.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and John M. Breen, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, U.S. Dept. of Justice, Civ. Div., Commercial Litigation Branch, Velta A. Melnbrencis, Washington, D.C., for defendant.

Powell, Goldstein, Frazer & Murphy, Peter O. Suchman, Susan P. Strommer and Niall P. Meagher, Washington, D.C., for Koyo Seiko Co., Ltd. and Koyo Corp. of U.S.A., Inc.

Donohue & Donohue, Joseph F. Donohue, Jr. and Kathleen C. Inguaggiato, New York City, for NSK, Ltd. and NSK Corp.

## OPINION

TSOUCALAS, Judge:

Plaintiff, The Timken Company ("Timken"), moves to amend its Complaint pursuant to Rule 15(a) of the rules of this Court, to add a claim that the International Trade Administration of the Department of Commerce ("ITA" or "Commerce"), may not apply the so-called assessment rate cap under section 737 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1673f, to entries which importers herein entered under bond between June 1974 and August 1976. Timken brings this claim now because of this court's ruling in *Zenith Elec. Corp. v. United States*, 15 CIT ——, 770 F.Supp. 648 (1991), that the assessment rate cap applies only to entries for which cash deposits have been made, not to those for which a bond has been posted; in this case, the entries in question came in under a bond. However, the United States and defendant-intervenors oppose the motion because Timken did not raise the issue before the ITA during the administrative proceedings and because to allow the claim would unduly prejudice the government.

Rule 15(a) of the Rules of the Court of International Trade, which parallels Rule 15(a) of the Federal Rules of Civil Procedure, provides, in pertinent part, that once responsive pleadings have been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." USCIT R. 15(a). It is within the discretion of the trial court to grant or deny a motion for leave to amend a Complaint. *Intrepid v. Pollock*, 907 F.2d 1125, 1129 (Fed.Cir.1990).

The Supreme Court, in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), held that the requirement that leave be freely given must be balanced against numerous considerations protecting the rights of the opposing party. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. Such considerations include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 182, 83 S.Ct. at 230.

In the case at bar, there is no indication of bad faith or repeated failure to cure deficiencies by previous amendments on Timken's part. Rather, Timken's sole reason for seeking leave to amend is that this court, in *Zenith,* reversed prior ITA practice concerning application of Section 737(a) to entries for which an importer posted a bond.[1] The ruling is relevant to this case because importers herein entered goods under a bond following the preliminary affirmative less than fair value determination on June 5, 1974, and prior to the final dumping determination issued on August 18, 1976. Thus, goods entered during that period potentially are subject to the assessment rate cap, even though the importers posted a bond rather than cash deposits. Application of the holding in *Zenith* would prevent the capping of the duties on those entries. Timken seeks to include a count in its Complaint alleging abuse of discretion against the ITA for failure to collect the additional duties with respect to the above-referenced period.

The government and two defendant-intervenors contend that Timken should be barred from raising this issue at all because it was not raised during the administrative proceedings before the ITA. Hence, Timken failed to exhaust its administrative remedies, and that is grounds for denying its motion. The parties cite to 28 U.S.C. § 2637(d), which grants this Court the power to "require the exhaustion of administrative remedies," where appropriate. This is particularly true where "the court, in addressing the issue, [would] usurp the fact-finding function of the agen-cy." *Timken Co. v. United States,* 10 CIT 86, 93, 630 F.Supp. 1327, 1334 (1986).

However, this court has acknowledged several exceptions to the exhaustion doctrine. One such exception is where there has been a "judicial interpretation[ ] of existing law after decision below and pending appeal—[an] interpretation[ ] which if applied might have materially altered the result." *Timken,* 10 CIT at 93, 630 F.Supp. at 1334, quoting *Hormel v. Helvering,* 312 U.S. 552, 558–59, 61 S.Ct. 719, 722, 85 L.Ed. 1037 (1941); *Rhone Poulenc, S.A. v. United States,* 7 CIT 133, 583 F.Supp. 607 (1984). Application of the rule in the *Zenith* case to the instant action may result in collection of additional duties, a material change in the result of this case.

In *Rhone Poulenc,* the case most closely on point to this one, plaintiff sought to amend its Complaint to add a claim that certain items which the ITA found to be general expenses and allowed as adjustments to Exporter's Sales Price should not be limited, as provided by regulation (the so-called ESP offset cap). Plaintiff's reason for seeking to amend was that, after all responsive pleadings were served in that case, another opinion of this court held that the ESP offset cap was invalid. *Silver Reed America, Inc. v. United States,* 7 CIT 23, 581 F.Supp. 1290 (1984), *rev'd sub nom., Consumer Prods. Div., SCM Corp. v. Silver Reed Am., Inc.,* 753 F.2d 1033 (Fed.Cir.1985).

The court in *Rhone Poulenc* held that plaintiff could amend its Complaint following the *Silver Reed* opinion even though plaintiff had not challenged the validity of the regulation before the ITA. The court stated that since the issue was one of law which did not require either additional fact-finding or a new trial there was no undue

---

1. Section 737(a) provides that:

(a) Deposit of estimated antidumping duty under section 1673b(d)(2) of this title.—If the amount of a cash deposit collected as security for an estimated antidumping duty under section 1673b(d)(2) of this title is different from the amount of the antidumping duty determined under an antidumping duty order published under section 1673e of this title, then the difference for entries of merchandise en-tered, or withdrawn from warehouse, for consumption before notice of the affirmative determination of the Commission under section 1673d(b) of this title is published shall be—

(1) disregarded, to the extent the cash deposit collected is lower than the duty under the order, or

(2) refunded, to the extent the cash deposit is higher than the duty under the order.

prejudice to the government.[2] *Id.,* 7 CIT at 136, 583 F.Supp. at 611.

In ruling on this motion, the Court must weigh the rule favoring liberal allowance of motions for leave to amend against the rule requiring a party exhaust its remedies below prior to raising an issue before this Court. *See Intrepid,* 907 F.2d at 1128. Since Timken could not reasonably be expected to have known that this court would reverse the ITA's assessment cap policy in *Zenith* and because the issue is a purely legal one requiring no additional fact-finding by the ITA, the Court finds that the government would not be unduly prejudiced by the amendment. *See also Hercules, Inc. v. United States,* 11 CIT 710, 735, 673 F.Supp. 454, 476 (1987); *Seattle Marine Fishing Supply Co. v. United States,* 12 CIT 60, 74, 679 F.Supp. 1119, 1130

(1988). Conversely, if the plaintiff's motion is denied, their claim will not be heard, and the resulting prejudice would be much more substantial than mere inconvenience if the *Zenith* holding is ultimately affirmed.

Accordingly, the Court finds that the interests of justice in this case tilt in favor of freely granting leave to amend, and plaintiff's motion to amend is GRANTED. Plaintiff's amended Complaint shall be accepted for filing, and deemed filed as of the date of entry of this Opinion.

---

**2.** In *Rhone Poulenc,* the court also determined that there was "evidence in the record that in the context of this case Commerce considered the controversy concerning the ESP offset cap." 7 CIT at 135, 583 F.Supp. at 610. Therefore, the court found that the exhaustion doctrine was inapplicable for the additional reason that "it would have been futile for plaintiffs to argue that the ITA should not apply its own regulation." *Id.*

Such is not the case here as there is no evidence in the record of any discussion whatsoever of the assessment rate cap by any of the myriad parties involved. Thus, there is no way of knowing whether Commerce would have been receptive to Timken's argument, and the futility exception is inapplicable herein.