806 F. Supp. 1008

KOYO SEIKO CO., LTD. AND KOYO CORP. OF U.S.A., PLAINTIFFS *v.* UNITED STATES AND U.S. DEPARTMENT OF COMMERCE, DEFENDANTS, AND TIMKEN CO., DEFENDANT-INTERVENOR

Court No. 90–06–00300

(Dated August 21, 1992)

*Powell, Goldstein, Frazer & Murphy* (*Peter O. Suchman, Susan P. Strommer, Jonathan A. Knee, Susan E. Silver, Neil R. Ellis, T. George Davis* and *Niall Meagher*) for plaintiffs.

*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Velta A. Melnbrencis*); of counsel: *Joan L. MacKenzie,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendants.

*Stewart and Stewart* (*Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., John M. Breen* and Margaret E.O. Edozien) for defendant-intervenor.

## OPINION AND ORDER

TSOUCALAS, *Judge:* The Timken Company ("Timken") moves for a rehearing of *Koyo Seiko Co. v. United States,* for which this Court issued an opinion and judgment, 16 CIT 366, Slip Op. 92–72, on May 15, 1992. Specifically, Timken moves for reconsideration of this Court's order that in recalculating the dumping margins for the entries from April 1, 1978 to March 31, 1979, Commerce must do so without reference to the investigation of below-cost-of-production sales.

Timken first alleged that Koyo's home market sales were below the cost of production on September 19, 1983. Administrative Record ("AR") (Pub.) Doc. 194. Ten days later, the Department of Commerce, International Trade Administration ("Commerce"), commenced a below-cost investigation for Koyo's 1978–79 sales and sent Koyo a questionnaire requesting detailed cost data. AR (Pub.) Doc. 198. Koyo objected to the initiation of the below-cost investigation on the grounds that Timken had failed to provide reasonable grounds to suspect there were sales below cost and that a below-cost investigation at that point would be a redundant and unfairly burdensome exercise that would unduly delay the already overdue preliminary determination. Koyo sent a letter to Commerce after this Court issued its decision in *Al Tech Specialty Steel Corp. v. United States,* 6 CIT 245, 575 F. Supp. 1277 (1983),

*aff'd*, 745 F.2d 632 (Fed. Cir. 1984),[1] and it referred specifically to standard as articulated in *Al Tech*. Despite Koyo's concerns, however, Commerce did not discontinue the below-cost investigation. In its final results, Commerce again disagreed with Koyo and deemed Timken's cost allegations sufficient. *See Tapered Roller Bearings Four Inches or Less in Outside Diameter From Japan; Final Results of Antidumping Duty Administrative Review*, 55 Fed. Reg. 22,369, 22,376 (Comment 32) (1990).

Before this Court, Koyo again raised the issues that Timken's below-cost allegations were factually insufficient and untimely. In its response, the government agreed with Koyo that the below-cost investigation should not have been initiated and consented to a remand for recalculation of the entries in question without reference to the below-cost-of-production sales. In its reply memorandum, however, Timken requested the Court to take note of certain evidence of record and deny the government's request for a remand.

In the alternative, Timken requested the opportunity to add new evidence on remand. The Court did not grant these requests, but rather ordered a remand to Commerce to recalculate the dumping margins from April 1, 1978 to March 31, 1979 "without reference to the investigation of below-cost-of-production sales." *Koyo Seiko*, 16 CIT at 374, Slip Op. 92–72 at 17. On August 12, 1992, this Court granted defendant's consent motion for an extension of time to August 28, 1992 to file its remand results.

Timken now moves for a rehearing of the cost of production issue or alternatively for leave to amend its cost of production allegations.

## DISCUSSION

It is within the sound discretion of the Court to grant or deny a party's motion for rehearing. *See Reynolds Trading Corp. v. United States*, 496 F.2d 1228, 1230 (1974); *Channel Master, Div. of Avnet, Inc. v. United States*, 11 CIT 876, 877, 674 F. Supp. 872, 873 (1987), *aff'd*, 856 F.2d 177 (Fed. Cir. 1988); *Oak Laminates Div. of Oak Materials Group v. United States*, 8 CIT 300, 302, 601 F. Supp. 1031, 1033 (1984), *aff'd*, 783 F.2d 195 (Fed. Cir. 1986). Pursuant to Rule 59(a)(2) of the Rules of this Court, it is incumbent upon the Court to consider whether the movant is entitled to a rehearing under the principles of equity. *See* USCIT R. 59(a)(2)[2]; *see also St. Regis Paper Co. v. United States*, 13 CIT 992, 993 (1989).

A rehearing "is a method of rectifying a significant flaw in the conduct of the original proceeding." *V.G. Nahrgang Co. v. United States*, 6 CIT 210, 211 (1983) (citing *W.J. Byrnes & Co. v. United States*, 68 Cust. Ct.

---

[1] In *Al Tech*, the Court held that there must be "a particularized and objective basis for suspecting" that a particular foreign firm is engaged in home market sales at prices below its cost of production. 6 CIT at 247, 575 F. Supp. at 1280.

[2] Rule 59(a)(2) of the Rules of this Court states in pertinent part:

A new trial or rehearing may be granted to all or any of the parties and on all or part of the issues * * * (2) in an action tried without a jury *or in an action finally determined,* for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. [Emphasis in original.]

358 (1972)). Furthermore, in ruling on a petition for rehearing, a court's previous decision will not be disturbed unless it is "manifestly erroneous." *United States v. Gold Mountain Coffee, Ltd.*, 9 CIT 77, 78, 601 F. Supp. 212, 214 (1985).

A rehearing may be proper when there has been

> some error or irregularity in the trial, a serious evidentiary flaw, a discovery of important new evidence which was not available, even to the diligent party, at the time of trial, or an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which severely impaired a party's ability to adequately present its case:

*W.J. Byrnes*, 68 Cust. Ct. at 358.

In this action, Timken has failed to demonstrate any of the grounds which would justify the granting of its motion for rehearing on the cost of production issue. Timken argues that the Court ignored evidence of record. However, it fails to show that the Court's previous decision was "erroneous." Timken specifically called the Court's attention, in its memoranda in this case, to the only evidence of record. This Court already has reviewed this evidence prior to deciding this case and was not convinced by Timken's arguments.

Timken argues that the Court retroactively applied *Al Tech* to this case. *See* Timken's *Memorandum in Support of Motion for Rehearing and Motion for Leave to Amend Cost of Production Allegations* at 7. This allegation is futile because *Al Tech* merely clarifies a general evidentiary standard for reviewing below-cost allegations, rather than establishing a new methodology for Commerce to apply. *See Al Tech*, 6 CIT 245, 575 F. Supp. 1277.

Pursuant to 19 U.S.C. § 1677b(b) (1988 and 1992 Supp.), the ITA shall investigate a foreign manufacturer's cost of production "[w]henever [it] has reasonable grounds to believe or suspect that sales in the home market * * * have been made at prices which represent less than the cost of producing the merchandise in question * * *." The phrase "reasonable grounds to believe or suspect" is not self defining. The court in *Connors Steel Co. v. United States*, 2 CIT 242, 527 F. Supp. 350 (1981), clarified this standard as a general evidentiary threshold amounting to "less than the probable cause needed to secure a search warrant." *Id.* at 248, 527 F. Supp. at 357. *Al Tech* merely provides guidance in requiring "a *particularized* and *objective* basis for suspecting" that a particular foreign firm is engaged in home market sales at prices below its cost of production. *Al Tech*, 6 CIT at 247, 575 F. Supp. at 1280 (emphasis supplied). A new methodology was not created.

Moreover, Koyo Seiko Co. and the Department of Commerce consented that this case should be remanded for recalculation of dumping margins for the period April 1, 1978 to March 31, 1979 without reference to the investigation of below-cost-of-production sales. Therefore, for the foregoing reasons, Timken's motion for rehearing is denied.

*Motion to Amend Pleadings Under Rules 15(a) or 15(b):*

Alternatively, Timken requests that this Court, pursuant to Rules 15(a) or 15(b) of the Rules of this Court, permit it to amend or supplement its 1983 below-cost allegations against Koyo during the remand of this case. Koyo Seiko, however, claims that this would prejudice them as they would not be able to fairly defend themselves due to the lengthy passage of time.

The Supreme Court, in *Foman v. Davis*, held that under Rule 15(a)[3], the requirement that leave to amend pleadings must be freely given, must be balanced against numerous considerations protecting the rights of the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court must consider whether there was "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *See id.; see also Saint Paul Fire & Marine Ins. Co. v. United States*, 16 CIT 633, 635, Slip Op. 92–119 at 5 (July 27, 1992); *The Timken Co. v. United States*, 15 CIT 658, 659, 779 F. Supp. 1402, 1403–04 (1991).

The United States Court of Appeals for the Federal Circuit recently stated that "[a]lthough delay itself is an insufficient ground to deny amendment, if the delay is 'undue' the district court may refuse to permit amendment." *Datascope v. SMEC, Inc.*, 962 F.2d 1043, 1045 (Fed. Cir. 1992). The Court of Appeals has also stated that a "litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend." *Tenneco Resins, Inc. v. Reeves Bros., Inc.*, 752 F.2d 630, 634 (Fed. Cir. 1985)(citing *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982)); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 327 n.1 (1971); *Saint Paul*, Slip Op. 92–119 at 6.

This request by Timken to amend its original below-cost allegations takes place thirteen years after the last entry in this case. Timken had ample opportunity to introduce new evidence and failure to do so was at its peril.

It is prejudicial to require a party to defend allegations made several years later, particularly since the moving party had every opportunity to seek amendments to its allegations at an earlier time. A trial court also "may properly consider the possibility of prejudice to a party stemming from the burden of additional discovery after a long delay." *Tenneco*, 752 F.2d at 634 (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973), *cert. denied*, 416 U.S. 939 (1974)). This delay would cause unfair prejudice to Koyo Seiko as Timken's new allegations would be an unfair surprise to the defending party. Therefore, plaintiff's motion to amend its allegations under Rule 15(a) is denied.

---

[3] Rule 15(a) of the Rules of this Court states in pertinent part:

[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Similarly, Timken moves under Rule 15(b) of the Rules of this Court. Rule 15(b) permits amendments to conform to the evidence when:

[(1)] issues not raised by the pleadings are tried by express or implied consent of the parties * * * [or (2) when] the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings * * * [but] the presentation of the merits of the action, will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits.

USCIT R. 15(b). Timken fails to satisfy either of these conditions. Furthermore, any amendments at this point in time would be unduly prejudicial to the defending party as discussed above.

## SUPPLEMENTAL INFORMATION

At the same time, however, during the administrative proceeding, Commerce was satisfied with Timken's allegation of below-cost-of-production sales despite the *Al Tech* decision and never indicated to Timken that the allegation was in any way unsatisfactory. In fact, the record indicates that Commerce found Timken's allegation satisfactory despite Koyo's objections. The first time that Timken was advised of Commerce's dissatisfaction with Timken's allegation was when the government filed its memorandum in partial opposition to Koyo's motion for judgment upon the administrative record. Thus, Timken never had any reason to supplement the allegation. The government's 1992 request for a remand for recalculation of the dumping margin without reference to the cost of production investigation was in the nature of an unpredictable surprise which impaired Timken's ability to adequately present its case with respect to the alleged below-cost-of-production sales.

For the foregoing reasons and in the interests of justice, Slip Op. 92–72 and the accompanying judgment should be modified to permit Timken, within ten days of the date this opinion is entered, to supplement its allegation of below-cost-of-production sales with information not derived from Commerce's investigation of below-cost-of-production sales and to permit Commerce to consider the supplemental information, in order to determine whether the dumping margins for the April 1, 1978 to March 31, 1979 period should be recalculated without reference to the investigation of below-cost-of-production sales.

## CONCLUSION

Timken's motion for rehearing is denied as this Court's earlier decision was neither "significantly flawed" nor "manifestly erroneous." Furthermore, Timken's request to amend its 1983 allegations on remand is also denied since its request has been unduly delayed, and Koyo Seiko would otherwise be prejudiced in its ability to defend its case. Tim-

ken, however, within ten days from the date this opinion is entered, may supplement its allegation of below-cost-of-production sales with information not derived from Commerce's investigation of below-cost-of-production sales. Subsequently, Commerce is ordered to submit remand results to this Court within twenty days of the date of this order.