**NSK LTD. and NSK Corporation,
Plaintiffs,**

v.

**UNITED STATES, Defendant,**

**The Torrington Company; Federal–Mogul Corporation, Defendant–Intervenors.**

**Court No. 91–08–00578.**

United States Court of
International Trade.

April 2, 1993.

Coudert Brothers, Robert A. Lipstein, Matthew P. Jaffe and Nathan V. Holt, for plaintiffs.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Velta A. Melnbrencis, (Stephen J. Claeys, Attorney–Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel), for defendant.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Geert De Prest, John M. Breen, Margaret E.O. Edozien and Amy S. Dwyer, for defendant-intervenor The Torrington Co.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V and Larry Hampel, for defendant-intervenor Federal–Mogul Corp.

## OPINION

TSOUCALAS, Judge:

Plaintiffs, NSK Ltd. and NSK Corporation ("NSK"), move pursuant to Rule 56.1 of the Rules of this Court for partial judgment on the agency record as to Count VII of their complaint claiming that the Department of Commerce, International Trade Administration ("ITA" or "Commerce"), erred in deducting direct selling expenses from U.S. price rather than adding such expenses to foreign market value.

The administrative determination under review is the ITA's final results in *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Japan; Final Results of Antidumping Duty Administrative Reviews* ("*Final Results*"), 56 Fed. Reg. 31,754 (1991). Substantive issues raised by NSK in the underlying administrative proceeding were addressed by ITA in the Issues Appendix to *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Republic of Germany; Final Results of Antidumping Duty Administrative Review* ("*Issues Appendix*"), 56 Fed.Reg. 31,692 (1991).

### Background

On June 11, 1990, the ITA initiated an administrative review of ball bearings, cylindrical roller bearings, spherical plain bearings and parts thereof from Japan. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany, France, Italy, Japan, Romania, Singapore, Sweden, Thailand and the United Kingdom Initiation of Antidumping Administrative Reviews*, 55 Fed.Reg. 23,575 (1990). NSK participated in this review. *Id.*

On March 15, 1991, the ITA published its preliminary determination in the administrative review. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts thereof from Japan; Preliminary Results of*

*Antidumping Duty Administrative Reviews and Partial Termination of Antidumping Duty Administrative Reviews,* 56 Fed.Reg. 11,186 (1991).

On July 11, 1991, the ITA published its Final Results in this proceeding. *Final Results,* 56 Fed.Reg. at 31,754. In its final results, Commerce deducted direct selling expenses from U.S. price in exporter's sales price transactions. *Issues Appendix* at 31,-722–23. NSK claims that this was not in accordance with law. Commerce claims that this issue should be dismissed as moot since the issue at hand affects deposit rates established during the first administrative review, which have been superseded by the second administrative review. *Defendant's Memorandum in Opposition to Plaintiffs' Partial Motion for Judgment Upon the Agency Record* at 2–6.

### Discussion

■ It is well-established that an "actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated." *See Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973); *see also SEC v. Medical Comm. for Human Rights,* 404 U.S. 403, 407, 92 S.Ct. 577, 580, 30 L.Ed.2d 560 (1972).

■ In *PPG Indus., Inc. v. United States,* 11 CIT 303, 660 F.Supp. 965 (1987), Commerce completed an administrative review pursuant to 19 U.S.C. § 1675(a) (1988 & Supp.1992) before the court rendered its decision in a challenge to the final determination in an investigation. In that case, the court granted the government's motion to dismiss based on mootness claiming that the issues presented in the actions challenging the original countervailing duty determination were rendered moot upon the completion and the issuance of the results of the 751 review proceedings. *Id.* at 314–15, 660 F.Supp. at 974. The court stated that

any remand directing the ITA to alter the amount of deposit rates determined in the final affirmative countervailing duty order, after the 751 review has already been published establishing the countervailing duties to be assessed or deposited on future entries, would be futile since the re-

mand could never affect the amount of the actual countervailing duty assessments nor the deposits of estimated duties.

*Id.* at 309, 660 F.Supp. at 970.

Similarly, the Court has vacated its remand orders to Commerce for recalculation of dumping margins because of the publication of the administrative review determination. *See Koyo Seiko Co. v. United States,* 16 CIT ——, 796 F.Supp. 1526, *amended by* 16 CIT ——, 806 F.Supp. 1008 (1992). Thus, the issue at hand has repeatedly been deemed moot.

The courts, however, have recognized an exception to the mootness doctrine when an issue is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); *Roe,* 410 U.S. at 125, 93 S.Ct. at 713; *DeFunis v. Odegaard,* 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974). Plaintiffs claim that the instant action falls within this exception. *Reply Brief in Support of Plaintiffs' Motion for Partial Judgment on the Agency Record* at 3–4. The Court agrees.

The court attempted to decide the issue at hand in *Koyo Seiko,* 16 CIT ——, 796 F.Supp. 1526. In that case, the court remanded the issue back to Commerce to recalculate dumping margins to reflect an adjustment to foreign market value for direct selling expenses. *Id.* Subsequent to the decision, however, the issue became moot and the court issued an amended judgment vacating the order. *See Koyo Seiko,* 16 CIT ——, 806 F.Supp. 1008. Thus, it is apparent that this issue is capable of repetition and will evade review in the future and, therefore, this Court is at liberty to render a decision on the issue in the case at hand.

### Direct Selling Expenses

■ According to 19 U.S.C. § 1677a(e) (1988), "the exporter's sale price shall be adjusted by being reduced by the amount, if any, of ... (2) expenses generally incurred by or for the account of the exporter in the United States in selling identical or substantially identical merchandise."

The Court of Appeals, however, has interpreted section 1677a(e) to refer to indirect rather than direct selling expenses. *Consumer Prods. Div., SCM Corp. v. Silver Reed America*, 753 F.2d 1033, 1036–38 (Fed.Cir. 1985).

The courts have consistently held that "direct selling expenses are properly characterized as differences in circumstances of sale giving rise to an adjustment of FMV." *NTN Bearing Corp. of America v. United States*, 14 CIT 623, 637, 747 F.Supp. 726, 738–39 (1990); *Consumer Prods. Div.*, 753 F.2d at 1033; *The Timken Co. v. United States*, 11 CIT 786, 800, 673 F.Supp. 495, 509 (1987). In *NTN Bearing Corp. of America*, 14 CIT 623, 747 F.Supp. 726, the court refused to recognize Commerce's argument that direct selling expenses should be deducted from the exporter's sales price and remanded the case to Commerce to recalculate dumping margins to reflect an adjustment to foreign market value for direct selling expenses.

The law is clear as to how Commerce is to deal with direct selling expenses, yet Commerce repeatedly ignores the law and disobeys the decisions of this Court. A remand in this case would be futile since it would affect only deposit rates which have been superseded by the second administrative review. Commerce, however, is cautioned that they are to adhere to the law and to the decisions of the Court on this issue. If not, this Court will be compelled to order sanctions against the government and hold Commerce in contempt of court for repeatedly ignoring the well-established law on this issue.

*Conclusion*

In accordance with the foregoing opinion, plaintiffs' motion for partial judgment on the agency record is not moot since the issue at hand is capable of repetition and has been evading review. Furthermore, Commerce was in error in deducting direct selling expenses from U.S. price, and it should have added such expenses to foreign market value as the law clearly states. Nevertheless, a remand to Commerce for recalculation would serve no purpose since it would affect only deposit rates and the deposit rates have been superseded by the second administrative review.

