**BORDER BROKERAGE CO., INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**C.D. 4825; Consolidated Court No. R65/10840.**

United States Customs Court.

Oct. 11, 1979.

Glad, Tuttle & White, Los Angeles, Cal. (Steven W. Baker, Los Angeles, Cal., at the trial; George R. Tuttle, Los Angeles, Cal., on the briefs), for plaintiff.

Alice Daniel, Acting Asst. Atty. Gen., Washington, D. C., David M. Cohen, Director, Commercial Litigation Branch, Washington, D. C. (Velta A. Melnbrencis, Asst. Director, New York City, at the trial and on the brief); Michael H. Stein, Gen. Counsel, and Edward R. Easton, Atty., U. S. International Trade Commission, Washington, D. C., of counsel, for defendant.

RICHARDSON, Judge:

The merchandise in this case consists of steel reinforcing bars manufactured in and exported from Canada between February 19, 1963, and March 6, 1964, and appraised upon entry at Blaine and Sumas, Washington, on the basis of export value as defined in 19 U.S.C.A., section 1401a(b) (section 402(b) of the Tariff Act of 1930, as amended). The issue before the court relates to the imposition of dumping duties as provided for under 19 U.S.C.A., section 160, *et seq.* (section 201, *et seq.* of the Anti-

dumping Act of 1921, as amended), no question having been raised concerning the underlying appraisement of the merchandise.

The record shows (1) that the Secretary of the Treasury determined, pursuant to proceedings instituted under the Antidumping Act, that steel reinforcing bars from Canada, manufactured by Western Canada Steel Limited through its subsidiary, the Vancouver Rolling Mills Limited of Vancouver, Canada, are being, or are likely to be, sold at less than fair value ("LTFV") within the meaning of section 201(a) of the Antidumping Act of 1921, as amended (19 U.S. C.A., section 160(a)) (28 Fed.Reg. 14245, exhibit 2) and on December 23, 1963, advised the United States Tariff Commission ("Commission") accordingly, (2) that on March 23, 1964, the Tariff Commission determined that an industry in the United States is likely to be injured by reason of the importation into the United States of steel reinforcing bars from Canada, manufactured by Western Canada Steel Limited through its subsidiary, the Vancouver Rolling Mills Limited of Vancouver, Canada, sold at less than fair value within the meaning of the Antidumping Act of 1921, as amended (29 Fed.Reg. 3840, exhibit 4), and (3) that on April 21, 1964, a "finding of dumping" was published pursuant to section 201(a) of the Antidumping Act (19 U.S.C.A., section 160(a)) on behalf of the Secretary of the Treasury (29 Fed.Reg. 5341, exhibit 5).

From an adverse administrative determination rendered by customs officials against plaintiff's appeals for reappraisement plaintiff instituted this action challenging the Secretary's LTFV determination as well as the Commission's injury determination. In its complaint plaintiff alleges:

11. Plaintiff claims the imposition of anti-dumping duties is illegal, null and void on the grounds that depression of prices for steel reinforcing bars was caused by trends in the U.S. economy independent of importations at less than fair value, that the loss of sales attributed to imported steel reinforcing bars sold at less than fair value were de mini-

mus [sic]; that the competitive market area considered in this finding amounted to about 5% of all rebars sold in the United States at the time of consideration; that likelihood of injury was de mimimus [sic]; that likelihood of injury was not caused by less than fair value importation.

The foregoing allegations were indicated at the trial to be the basis of plaintiff's contention that the Secretary's LTFV determination was predicated upon an *insignificant* quantity of merchandise involved in sales to the United States in derogation of the requirements of 19 C.F.R., section 14.7(b)(8).

As to the Commission's injury determination, the complaint alleges:

12. The industry constituting domestic production of steel reinforcing bars was not injured by sales at less than fair value.

\*      \*      \*      \*      \*      \*

16. Plaintiff claims the imposition of anti-dumping duties is illegal, null and void on the ground that the Tariff Commission exceeded its statutory authority and denied the rights of the plaintiff to a fair and partial [sic] adjudication as guaranteed by the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act by finding the likelihood of injury to an American industry to exist when the evidence failed to support the finding that an injury was likely to be caused to an American industry by importations at less than fair value.

17. Plaintiff claims the imposition of anti-dumping duties is illegal, null and void on the ground that the Tariff Commission violated its statutory authority and denied the plaintiff the right to a fair and impartial administrative adjudication as guaranteed by the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act by basing its likelihood of injury determination in part on the mere presence of sales at less than fair value.

18. Plaintiff claims the imposition of anti-dumping duties is illegal, null and void on the ground that the Tariff Com-

mission functioned as an agency within the meaning of the Administrative Procedure Act and its determination of likelihood of injury should be set aside as arbitrary.

Rounding out the evidence in the case which was introduced by plaintiff at the trial, in addition to the aforementioned exhibits, are letters addressed to Western Canada Steel Ltd. and Vancouver Rolling Mills Ltd. from the Deputy Commissioner of Customs and the Acting Deputy Commissioner of Customs under dates of August 26, 1963, and November 29, 1963, respectively (exhibit 1), and a transcript of oral testimony given at a public hearing held before the Commission on February 11, 1964 (exhibit 3). The object of the documentation is said by counsel for the plaintiff to be "to submit these cases wholly on documentary evidence, on a wholly documentary record, using the official records of the investigations by the Secretary of the Treasury and Tariff Commission as supporting evidence for claims that the Secretary and the Commission failed to properly interpret and apply the laws and regulations governing the less than fair value determination and the injury or likelihood of injury determination." (R. 3–4)

However, turning to plaintiff's brief, the court finds that plaintiff's disenchantment with the "finding of dumping" lies not with the Treasury Secretary's LTFV determination *per se* nor with the Commission's injury determination *per se* in the particulars as set out in its complaint, but rather with the manner in which the Commission *voted* its injury determination. In the brief plaintiff contends that the provision in 19 U.S.C.A., section 160(a) (section 201(a), Antidumping Act of 1921, as amended) which allows the Commission to make a finding of likelihood of injury upon a divided vote of the commissioners voting, as in this case, is in violation of Parliamentary Law, the Rules of Congress, the Tenth Amendment to the federal constitution, the Due Process Clauses of the Fifth and Fourteenth Amendments to the federal constitution, Fundamental Rights, and the concept of Ordered Liberty (plaintiff's brief, p. 7).

None of these belated contentions advanced in plaintiff's brief are even remotely connected with allegations of the complaint. Moreover, the due process claims set forth in paragraphs 16 and 17 of the complaint are addressed to evidentiary considerations, while the due process contention in plaintiff's brief is not addressed to evidentiary matters or to the underlying administrative record at all. Consequently, the court fully agrees with defendant that the matters discussed in plaintiff's brief are wholly outside of the parameters of the pleadings, and, as such, are not properly before the court. *Cf. Charberjoy Distributors, Inc. v. United States*, 65 Cust.Ct. 459, 462, C.D. 4123 (1970), *aff'd on other grounds*, 59 CCPA 207, C.A.D. 1068, 465 F.2d 922 (1972). And since plaintiff has in effect abandoned its claims as pleaded, the *regularity* of the challenged administrative determinations are presumed, the court not being persuaded of the existence of evidence in the record to the contrary. See *Norwegian Nitrogen Products Co. v. United States*, 20 CCPA 27, 38, T.D. 45674 (1932), *aff'd*, 288 U.S. 294, 53 S.Ct. 350, 77 L.Ed. 796 (1933). In view of the 14-year lifespan of the case during which plaintiff has had ample opportunity to develop a plenary record for meaningful judicial review of the administrative determinations herein, the court is constrained to and does dismiss this action for failure of proof. See *Atkins Kroll & Co., Ltd. v. United States*, 484 F.Supp. 904 (Cust.Ct. 1979).

Judgment will be entered herein accordingly.