CERAMICA REGIOMONTANA, S.A., CERAMICAS Y PISOS INDUSTRIALES DE CULIACAN, S.A. DE C.V., AND INDUSTRIAS INTERCONTINENTAL, S.A., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 89-06-00323

(Dated October 17, 1990)

*Brownstein Zeidman and Schomer* (*Steven P. Kersner, Ronald M. Wisla*), for the plaintiff.

*Stuart M. Gerson*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Velta A. Melnbrencis*), for the defendant.

## BACKGROUND

MUSGRAVE, *Judge*: In a complaint filed at the outset of this action, plaintiff challenges several aspects of a final administrative review by the Department of Commerce ("Commerce") of an outstanding affirmative countervailing duty determination and order covering imports into the United States of ceramic tile from Mexico.[1] Plaintiff now moves for leave to amend its complaint by adding a challenge of the methodology used by Commerce to calculate a country-wide countervailing duty assessment rate applicable to imports of the subject merchandise into this country by the plaintiff between January 1 and December 31, 1986. Plaintiff seeks to argue that the methodology has been rendered impermissible by a decision of the Court of Appeals for the Federal Circuit in *IPSCO, Inc. and IPSCO Steel, Inc. v. United States*, 899 F.2d 1192 (1990) issued after the initiation of the present action. Defendant opposes the motion. In calculating the country-wide countervailing duty rate in this case, Commerce, pursuant to its past practice, excluded from the calculation data on exports of Mexican firms that were found to have received no subsidy benefits or *de minimis* benefits. Plaintiff's present complaint contains two counts contesting the propriety of the imposition of countervailing duties on the subject merchandise absent an affirmative injury determination by the International Trade Commission. After the complaint was filed, the CAFC rendered its decision in *IPSCO*, which decision, plaintiff contends, renders invalid Commerce's exclusion from its calculations of the firms that received no or *de minimis* benefits. In the present motion, plaintiff seeks to add to its complaint a third count consisting of four paragraphs, three substantive, challenging the exclusion, and one that incorporates by reference into the third count all previous paragraphs in the first two counts. Defendant opposes plaintiff's motion, arguing first that plaintiff filed to exhaust its administrative remedies by not contesting the exclusion before the agency, and second, that the holding of the CAFC in *IPSCO* is not applicable retroactively to the entries at issue in this case.

## DISCUSSION

This motion and the parties' arguments raise three principal issues: the permissibility generally of amending a previously filed complaint; the matter of exhaustion of remedies; and the question of the retroactivity of the *IPSCO* decision. Rule 15(a) of this Court provides that leave

---

[1] The final review is published at 54 Fed. Reg. 19,930 (May 9, 1989). Plaintiff filed its complaint with this court on February 9, 1990.

to amend a pleading after a response thereto has been filed "shall be freely given when justice so requires." Construing Rule 15(a) of the Federal Rules of Civil Procedure which contains this identical language, the United States Supreme Court stated,

> [T]his mandate is to be heeded. * * * If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on behalf of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). While the Court acknowledged that the decision whether or not to grant such leave is within the discretion of the trial court, the emphasis with which it stated the above principle suggests that statement is to be substantially heeded. This Court too has recognized that leniency is generally to be afforded in deciding whether to allow amendment of a complaint. *Rhone Poulenc, S.A. v. United States*, 7 CIT 133, 583 F. Supp. 607 (1984). There has been no allegation or showing of bad faith or lack of due diligence on the part of plaintiff in requesting leave to amend its complaint. *Ceteris paribus*, then, the language of Rule 15(a) and the above decisions suggest that plaintiff's request should be granted. In its opposition, however, defendant raises the issue of exhaustion of administrative remedies and the question as to whether the *IPSCO* decision is applicable in this action.

It is a general rule that a party aggrieved by an agency decision or action must exhaust its remedies for relief on that issue at the agency level before it may contest the decision or action before a reviewing court. *United States v. Tucker Truck Lines, Inc.*, 344 U.S. 33 (1952). That rule is not, however, absolute or inflexible. Paragraph (d) of 28 U.S.C. § 2637 provides that this Court "shall, where appropriate, require the exhaustion of administrative remedies." Thus, exhaustion is required not absolutely but when such a requirement is "appropriate". See, *e.g., Kejriwal Iron & Steel Works, Ltd. v. United States*, 14 CIT 37, 39, 729 F. Supp. 1365, 1368 (1990). Concomitantly, the exhaustion requirement is not jurisdictional in nature. *Al Tech Specialty Steel Corp. v. United States*, 11 CIT 372, 376, 661 F. Supp. 1206, 1209 (1987). In determining whether it would be appropriate to require exhaustion in a given instance (or more accurately, to refuse to allow a party to raise an issue not raised before the agency) courts "must resist inflexible applications of the doctrine — characteristic of jurisdictional rules which frustrate the ability to apply exceptions developed to cover 'exceptional cases or particular circumstances * * * where injustice might otherwise result' if it were strictly applied." Al Tech, 11 CIT at 377, 661 F. Supp. at 1210 (quoting *Hormel v. Helvering*, 312 U.S. 552, 557 (1941).

Courts have recognized an exception to the exhaustion doctrine in circumstances suggesting that requiring exhaustion "would be futile or an

insistence on a useless formality." See *Rhone Poulenc*, 7 CIT at 135, 583 F. Supp. at 610. Similarly, this Court has not required plaintiffs to pursue courses of action which appear unlikely to produce relief or which represent "manifestly inadequate" remedies. One of the "exceptional cases or particular circumstances" enumerated by the Supreme Court in *Hormel* is the situation "in which there have been judicial interpretations of existing law after decision below and pending appeal — interpretations which if applied *might* have materially altered the result." 312 U.S. at 558-59 (footnote omitted; emphasis added). In that case, after the lower court had issued the decision under review, the Supreme Court had rendered a decision dispositive of the issue raised before it on appeal; accordingly, it considered the new issue on appeal notwithstanding the absence of exhaustion of administrative remedies on the question. Pursuant to that exception, this Court too has shown an unwillingness to apply the exhaustion doctrine when the issue sought to be raised before the court arises from a judicial decision rendered after the agency action or determination under review. See, *e.g., Timken Co. v. United States*, 10 CIT 86, 93, 630 F. Supp. 1327, 1334 (1986); *Alhambra Foundry Co., Ltd. v. United States*, 12 CIT 343, 347, 685 F. Supp. 1252, 1256 (1988) (citing *United States Cane Sugar Refiners' Ass'n v. Block*, 3 CIT 196, 544 F. Supp. 883, aff'd 69 CCPA 172, 683 F.2d 399 (1982)). Such is the situation presented in this case by the intervening CAFC decision in *IPSCO*, and under the above precedent the Court finds that the exhaustion requirement is therefore inapplicable in these circumstances to plaintiff's claim regarding the exclusion from Commerce's calculations of non-benefitting or *de minimis* companies.

Defendant does not contest this exception, but rather argues that the CAFC decision is not applicable retroactively to the imports involved in this action, citing several Supreme Court decisions. Defendant's argument may finally prove to be correct, but a final decision on such issue is more effectively, and thus more appropriately, to be rendered in the course of normal judicial deliberations, with an opportunity for each party to fully present its arguments on the question. Because of the non-dispositive nature of the motion to amend, plaintiff has not had an opportunity to rebut the allegations, raised in defendant's opposition to plaintiff's motion, of the non-retroactivity of *IPSCO*. For these reasons, the Court chooses to grant leave for plaintiff to amend its complaint as requested and to decide the additional issue raised thereby in the course of its final decision on the merits in this case.