Slip Op. 10-127

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **ASAHI SEIKO CO., LTD.**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant, <br><br> and <br><br> **THE TIMKEN COMPANY**, <br><br> Defendant-Intervenor. | **Before: Timothy C. Stanceu, Judge** <br><br> **Court No. 08-00363** |

## OPINION

[Denying plaintiff's motion for judgment upon the agency record]

Dated: November 12, 2010

*Riggle and Craven* (*David A. Riggle*, *Lei Wang,* and *Shitao Zhu*) for plaintiff.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Deborah R. King*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Stewart and Stewart* (*Geert M. De Prest*, *Terence P. Stewart*, *William A. Fennell*, and *Lane S. Hurewitz*) for defendant-intervenor.

Stanceu, Judge: Plaintiff Asahi Seiko Co., Ltd. ("Asahi") contests a final determination

("Final Results") of the International Trade Administration, U.S. Department of Commerce

("Commerce" or the "Department"), in the eighteenth administrative reviews of antidumping

duty orders on ball bearings and parts thereof (the "subject merchandise") from France,

Germany, Italy, Japan, and the United Kingdom. Compl. ¶ 1; *see Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Reviews in Part*, 73 Fed. Reg. 52,823 (Sept. 11, 2008) ("*Final Results*"). Asahi, a Japanese manufacturer and exporter of the subject merchandise, requested review of its sales and then withdrew its request for review after Commerce did not select it as a mandatory respondent. *Letter from Asahi to the Sec'y of Commerce* 1-2 (Sept. 26, 2007) (Admin. R. Doc. No. 13342) ("*Asahi's Withdrawal Request*"). Asahi now challenges the Department's selection of mandatory respondents, and in particular the decision not to select Asahi, which was not assigned a margin in the Final Results. Compl. ¶¶ 26-29. Before the court is plaintiff's motion, made under USCIT Rule 56.2, for judgment upon the agency record. Mot. for J. on the Agency R. Submitted by Pl. Asahi Seiko Co., Ltd., Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade ("Pl.'s Mot."). Defendant filed a brief opposing this motion, which defendant-intervenor supports. Def.'s Opp'n to Pl.'s Mot. for J. upon the Agency R.; Tr. 47 (Sept. 22, 2010).

Asahi contends that Commerce's unlawful selection of only three mandatory respondents deprived it of an individual margin and of the opportunity to develop a record of three consecutive zero or *de minimis* margins that would enable it to request revocation from the antidumping duty order on ball bearings and parts from Japan. Mem. in Supp. of the Mot. for J. on the Agency R. Submitted by Pl. Asahi Seiko Co., Ltd., Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade ("Pl.'s Mem.") 12-16. Asahi argues that Commerce's refusal to determine Asahi's individual margin unfairly forced it to withdraw from the review to avoid the "all others" rate for non-selected respondents, which Asahi claims to have been far in

excess of the average of the individual margins it obtained in past reviews. Pl.'s Mem. 20-21. Asahi also argues that its continued participation in the review would have been futile because there was no possibility that Commerce would have conducted an individual examination of Asahi. *Id*. at 18-20.

The court concludes that Asahi, having failed to exhaust its administrative remedies, is not entitled to relief on its claim. Although Commerce acted unlawfully in selecting only three mandatory respondents, Asahi's withdrawal of its request for review of its sales, in the absence of a request from any other party that Commerce review Asahi, resulted in the rescission of the review as to Asahi. The court also concludes, contrary to Asahi's futility argument, that it would not have been futile for Asahi to seek voluntary respondent status.

## I. BACKGROUND

On May 1, 2007, Commerce announced the opportunity for parties to request reviews of the antidumping duty orders on ball bearings and parts thereof, including review of the order pertaining to Japan, for the period of May 1, 2006 through April 30, 2007 ("period of review," or "POR"). *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Admin. Review*, 72 Fed. Reg. 23,796, 23,797 (May 1, 2007). On May 30, 2007, Asahi requested that Commerce review Asahi's sales pertaining to the period of review. *Letter from Asahi to the Sec'y of Commerce* 1-2 (May 30, 2007) (Admin. R. Doc. No. 13072). No party other than Asahi requested a review of Asahi's sales. *Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, & the United Kingdom: Notice of Partial Rescission of Antidumping Duty Admin. Reviews*, 72 Fed. Reg. 64,577, 64,578 (Nov. 16, 2007) ("*Rescission Notice*") (listing Asahi as a "self-requestor"). On June 29, 2007, Commerce

published a notice ("Initiation Notice") commencing the eighteenth periodic reviews of the antidumping duty orders. *Initiation of Antidumping & Countervailing Duty Admin. Reviews, Request for Revocation in Part & Deferral of Admin. Review*, 72 Fed. Reg. 35,690, 35,692 (June 29, 2007).

After collecting information on the quantity and value of sales to the United States from the exporters and producers listed in the Initiation Notice, Commerce issued, on August 14, 2007, a memorandum ("Respondent Selection Memorandum") announcing that, due to resource constraints, it had selected for individual examination only three respondents (*i.e.*, "mandatory respondents"), which were JTEKT Corporation ("JTEKT"), NSK Ltd. ("NSK"), and NTN Corporation ("NTN"), based on its finding that these three respondents were responsible for the largest volumes of exports during the POR. *Mem. from Senior Import Trade Compliance Analyst, AD/CVD Operations Office 5, to Office Dir., AD/CVD Enforcement Office 5*, at 3 (Aug. 14, 2007) (Admin. R. Doc. No. 13261) ("*Resp't Selection Mem.*"). Commerce also stated in the Respondent Selection Memorandum that it would consider examining a voluntary respondent if a mandatory respondent did not cooperate or withdrew its request for review and that it would consider a request to examine a voluntary respondent if and when it received such a request. *Id*. at 5.

On September 12, 2007, Asahi requested that Commerce extend "the period for withdrawing requests for review for a period of no less than two (2) weeks after the date of initial responses by the mandatory respondents or the release of the Final Results of the 17[th] POR, whichever is later." *Letter from Asahi to the Sec'y of Commerce* 1 (Sept. 12, 2007) (Admin. R. Doc. No. 13319) ("*Asahi Extension Request*"). According to this letter, "the due

date for initial responses by the mandatory respondents in this review is currently September 20, 2007" and "the normal time limit for withdrawal" would require Asahi to withdraw by September 27, 2007. *Id.* at 1-2. Asahi gave as its reason that the requested extension is "necessary for non-mandatory respondents, such as Asahi, in order to permit them to review the initial responses in the 18th POR and the final results in the 17th POR in order to make an assessment of what action is necessary." *Id.* at 2. Asahi further stated that granting its extension request "would not result in any impediment or burden on the Department since the non-mandatory respondents will not be submitting any information and thus the Department will not be performing any analysis in this regard." *Id.* at 2. After Commerce rejected its extension request, Asahi, on September 26, 2007, filed a request to withdraw its previous (May 30, 2007) request for review. *Asahi's Withdrawal Request* 1; *Letter from Office Dir., AD/CVD Enforcement Office 5 to Asahi* (Admin. R. Doc. No. 13343). The next day, one of the three mandatory respondents, NSK, also withdrew its request for review. *Letter from NSK to the Sec'y of Commerce* 1 (Sept. 27, 2007) (Admin. R. Doc. No. 13346). On November 16, 2007, Commerce rescinded the review as to Asahi. *Rescission Notice*, 72 Fed. Reg. at 64,578. The Final Results did not assign a rate to Asahi. *See Final Results*, 73 Fed. Reg. at 52,825.

On October 9, 2008, plaintiff filed its summons and, on November 7, 2008, its complaint. Summons; Compl. On December 22, 2008, defendant moved to dismiss plaintiff's complaint under USCIT Rules 12(b)(1) and 12(b)(5). Def.'s Mot. to Dismiss & Mot. to Stay Case Pending Resolution of Mot. to Dismiss 1. The court granted defendant's motion and dismissed counts one, two, and four of plaintiff's complaint. *Asahi Seiko Co. v. United States*, 33 CIT __, __, Slip Op. 09-131, at 4-5 (Nov. 16, 2009); Compl. ¶¶ 14-36. The court concluded that Asahi lacked

standing for the claims in those counts, which challenged the 10.00% rate Commerce assigned to respondents not selected for individual examination, because Commerce did not subject Asahi to that rate (or any other rate) in the Final Results. *Asahi*, 33 CIT at __, Slip Op. 09-131, at 4-5; Compl. ¶¶ 14-36. The court denied defendant's motion to dismiss count three, *Asahi*, 33 CIT at __, Slip Op. 09-131, at 5-8, concluding that the court had jurisdiction over plaintiff's claim that Commerce's "[f]ailure to review Asahi's data to calculate a specific rate deprived Asahi of the opportunity to ever be revoked from the antidumping case," Compl. ¶ 27. On March 3, 2010, plaintiff filed its USCIT Rule 56.2 motion for judgment upon the agency record. Pl.'s Mot.

## II. DISCUSSION

The court exercises jurisdiction under Section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(c). 28 U.S.C. § 1581(c) (2006). Under the applicable standard of review, the court must hold unlawful any determination, finding, or conclusion found to be unsupported by substantial evidence on the record or otherwise not in accordance with law. *See* Tariff Act of 1930, § 516A(b)(1)(B)(i), 19 U.S.C. § 1516a(b)(1)(B)(i).

### A. Construction of Plaintiff's Claim and Request for Relief

The court construes Asahi's claim to be that Commerce conducted an unlawful respondent selection process that unfairly excluded Asahi from the administrative review, depriving Asahi of an individual margin and the opportunity to be revoked in the future from the antidumping duty order. *See* Compl. ¶ 27; Pl.'s Mem. 12-16. In support of its claim, Asahi argues that Commerce violated the antidumping statute when it limited the respondents for which it would determine an individual margin, Pl.'s Mem. 8-10, arbitrarily and capriciously chose "to select only the exporters with the largest volume of shipments, ignoring all other

conditions regarding exporters, such as Asahi, which were not similarly situated," *id.* at 7, and

"failed to consider any of Asahi's points in its respondent selection comments," *id.* at 10.

As relief on its claim, Asahi requests that the court "remand this action to the Commerce

Department to reconsider an appropriate method under law by which a non-mandatory

respondent may be revoked from a finding absent a review, using the company's own data."

Pl.'s Mot. 2, Proposed Order 1.[1]  The precise nature of the remedy Asahi seeks is not clear, but

the court can envision no possible remedy that it could order in conformance with Asahi's

request for relief.  In alluding to a non-mandatory respondent's being "revoked from a finding

absent a review, using the company's own data," Asahi appears to be referring to the opportunity

for a respondent to obtain revocation from a finding of sales at less than fair value, and hence

from an antidumping duty order, based on three consecutive zero or *de minimis* margins.  *See*

19 C.F.R. § 351.222(b)(2)(i) (2010) ("In determining whether to revoke an antidumping duty

order in part, the Secretary will consider . . . [w]hether one or more exporters or producers

covered by the order have sold the merchandise at not less than normal value for a period of at

least three consecutive years.").  Asahi apparently believes it is entitled to some "appropriate

method under law" according to which it could be assigned a zero or de minimis margin in the

eighteenth review that would further the revocation of the order as to Asahi but would occur

without an examination of Ashai's own sales.  The court is unaware that any such "method under

---

[1] Plaintiff's proposed order states the requested relief differently, providing "that the case be remanded to the U.S. Department of Commerce so that it can report to the Court the method under law by which a [non-mandatory] respondent may be revoked from a finding absent a review using the company's own data."  Mot. for J. on the Agency R. Submitted by Pl. Asahi Seiko Co., Ltd., Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade, Proposed Order 1.

law" exists, and plaintiff fails to identify one. Commerce's regulations, the lawfulness of which plaintiff does not challenge, require for revocation that Commerce have conducted a review of sales of the exporter or producer pertaining to at least the first and third years of the three-year period. *See* 19 C.F.R. § 351.222(b)(2)(i)(A) (requiring that the exporter or producer have *sold the merchandise* at not less than normal value for a three-year period); *id.* § 351.222(d) (precluding revocation under the provision unless the Secretary has conducted a review of the first and third years of the three-year period). Although the statute is silent on the method Commerce must use in determining a rate to be applied to non-reviewed respondents, *see* 19 U.S.C. § 1677f-1(c), any rate that could result from a remand in this case could satisfy Asahi's objective of obtaining revocation from the order only if it were based on a review by Commerce of Asahi's sales.

If plaintiff's challenge to the respondent selection process were presumed to have merit, the only meaningful remedy would be a remand under which the Department would be ordered to reopen the record and conduct an individual examination of Asahi's sales that were subject to the eighteenth review and to assign Asahi an individual dumping margin. Plaintiff has not sought that remedy, even though it states that it anticipated receiving a rate of zero or a *de minimis* rate in the eighteenth review. Pl.'s Mem. 15. Even though Asahi does not seek the remedy of an individual examination of its eighteenth-review sales, the court nonetheless reaches the merits of plaintiff's claim, based on the principle that a plaintiff's requesting the wrong remedy does not necessarily preclude a grant of relief in some form, should the court conclude that the claim is meritorious. *See Ad Hoc Shrimp Trade Action Comm. v. United States*, 515 F.3d 1372, 1382 (Fed. Cir. 2008).

B.  The Department's Decision Selecting Mandatory Respondents Was Contrary to Law

Upon considering the merits of plaintiff's claim, the court concludes, first, that plaintiff correctly characterizes as unlawful Commerce's decision to select only JTEKT, NSK, and NTN as the mandatory respondents.  The statute imposes as a general requirement that Commerce determine an individual margin for each "known exporter and producer" subject to a review conducted under 19 U.S.C. § 1675(a).  19 U.S.C. § 1677f-1(c)(1).  If, however, Commerce determines that "it is not practicable to make individual weighted average dumping margin determinations . . . because of the *large number* of exporters or producers" subject to review, then Commerce may determine the weighted average dumping margins for "a reasonable number of exporters or producers."  19 U.S.C. § 1677f-1(c)(2) (emphasis added).

In this case, Commerce based its decision to limit the number of mandatory respondents on its workload considerations, as affected by its other proceedings.  *Resp't Selection Mem.* 3 ("In selecting respondents for review, the Department carefully considers its resources, including its current and anticipated workload, and deadlines coinciding with the segment of the proceeding in question.").  Commerce decided that its own resources allowed it to examine individually only three mandatory respondents from a total of twelve subject to review.  *Id.* ("This office is conducting numerous concurrent antidumping proceedings which place a constraint on the number of analysts that can be assigned to this case. . . . Based upon our analysis of the workload required of this administrative review, we have determined that we can examine a maximum of three exporters/producers of ball bearings from Japan.") (footnote omitted).

From the discussion in the Respondent Selection Memorandum, the court concludes that Commerce, in exercising its authority under § 1677f-1(c)(2), implicitly construed the statutory term "large number" to mean any number greater than three. This was not a reasonable construction of the statute. *See Zhejiang Native Produce & Animal By-Products Import & Export Corp. v. United States,* 33 CIT __, __, 637 F. Supp. 2d 1260, 1264-65 (2009); *Carpenter Tech. Corp. v. United States*, 33 CIT, __, __, 662 F. Supp. 2d 1337, 1342-46 (2009) (rejecting a similar implicit construction of the statute under the first step of the analysis required by *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984)). As the Court of International Trade held in *Zhejiang*, "[t]he statute focuses solely on the practicability of determining individual dumping margins based on the large number of exporters or producers involved in the review at hand," and "Commerce cannot rewrite the statute based on its staffing issues." *Zhejiang*, 33 CIT at ___, 637 F. Supp. 2d at 1263-64. In this case as well, the court concludes that Commerce exceeded its statutory authority in severely limiting the number of respondents for individual examination based on its own general resource constraints. However, it does not follow from this conclusion that Asahi can obtain relief on its claim. Congress has directed that the court require the exhaustion of administrative remedies "where appropriate." 28 U.S.C. § 2637(d). Because Asahi withdrew its request for review and because the review was rescinded as to Asahi, this case presents the question of whether Asahi has exhausted its administrative remedies. It also presents the question of whether Asahi, if held to have failed to exhaust, still should be granted relief on its claim according to an exception to the exhaustion requirement.

### C.  Asahi Failed to Exhaust its Administrative Remedies

Asahi argues that it exhausted its administrative remedies.  Pl.'s Mem. 17; Reply of Pl.

Asahi Seiko Co., Ltd. ("Pl.'s Reply") 2-4.  Asahi argues that it presented its respondent selection

arguments to the Department administratively, in response to the Department's solicitation of

comments on the issue as well as in a case brief and in oral argument at an administrative

hearing.  Pl.'s Reply 2.  Indeed, the record shows that during the administrative review Asahi

raised, in a written submission made in response to the Department's request for comments on a

respondent selection methodology, a basic objection it raises here–that it should have been

selected as a mandatory respondent.  *Letter from Office Dir., AD/CVD Enforcement Office 5 to*

*Interested Parties* 1 (Aug. 2, 2007) (Admin. R. Doc. No. 1252) (requesting comments on how

Commerce should choose mandatory respondents); *Letter from Asahi to the Sec'y of Commerce*

(Aug. 9, 2007) (Admin. R. Doc. No. 1260) ("*Asahi's Resp't Selection Comments*") (arguing that

Commerce should determine an individual margin for all respondents).

Although Asahi raised, multiple times, its objection to the Department's decision on

mandatory respondent selection, the conclusion does not follow that Asahi exhausted its

administrative remedies as to the claim it makes before the court.  Asahi claims that the result of

the Department's unlawful mandatory respondent selection decision was that Asahi was

"unfairly excluded" from the administrative review, which deprived Asahi of an individual

margin and the opportunity to be revoked in the future from the antidumping duty order.  *See*

Pl.'s Mem. 17.  In Asahi's favor, the record permits an inference that Asahi was motivated to

withdraw its review request by the Department's unlawful selection of mandatory respondents,

under which Asahi was not selected.  The record, however, also establishes that a *conditio sine*

*qua non* of Asahi's exclusion from the review was Asahi's withdrawal of its review request. In the circumstances of the proceeding, in which no other party had requested review of Asahi's sales, the Department's regulations required rescission of the review as to Asahi. *See* 19 C.F.R. § 351.213(d)(1). Under those regulations, the Secretary of Commerce will rescind a review of a particular producer or exporter if all parties who requested the review withdraw their requests within ninety days of the date of publication of the initiation notice. *See* 19 C.F.R. § 351.213(b), (d)(1). Asahi filed its withdrawal of its request for review on September 26, 2007, which date was within ninety days of the Initiation Notice. *Asahi Withdrawal Request*; *Rescission Notice*, 72 Fed. Reg. at 64,577-78 (noting that Commerce initiated the investigation on June 29, 2007). Because no other party requested review of Asahi's sales, Commerce, acting under 19 C.F.R. § 351.213(d)(1), rescinded the review as to Asahi. *Rescission Notice*, 72 Fed. Reg. at 64,578. Asahi, therefore, received no antidumping duty margin in the eighteenth review.

The rescission of the review as to Asahi resulted directly from the application of the Department's regulations to Asahi's withdrawal of its request for review, which regulations Asahi does not challenge. Nor does Asahi challenge the Department's rescission of the review as to Asahi (a consequence that Asahi itself sought by withdrawing its review request), choosing instead to claim that Commerce's decision to select the three mandatory respondents was unlawful and also to claim that, as a result of the unlawful decision, Asahi was unfairly excluded from the review such that it received no individual dumping margin. On the record of this case, Asahi cannot be said to have exhausted its administrative remedies on a claim that it should have received an individual margin, when it took the deliberate action of withdrawing the only request

on the record calling for a review of Asahi's sales. Once that occurred, Asahi was no longer in a position to be assigned any margin in the review, individual or otherwise.

### D. Asahi Does Not Qualify for an Exception to the Requirement that it Exhaust its Administrative Remedies

Asahi argues that one or more exceptions to the exhaustion requirement apply on the facts of this case and allow Asahi, despite having withdrawn its review request, to obtain relief on its claim that it was unfairly excluded from the administrative review. Pl.'s Mem. 17 ("That Asahi withdrew from the case after it was not selected as a mandatory respondent does not mean that it cannot obtain judicial review of its claim that it was unfairly excluded.").

Invoking the recognized "futility" exception to the requirement to exhaust administrative remedies, Asahi argues that its continued participation in the review would have been futile because "there was no possibility that Asahi's sales would have been examined by the Department." Pl.'s Reply 19. At the same time, Asahi points to the "all others" rate of 10.00% in the Final Results as a circumstance establishing that it had no option but to withdraw to avoid the irreparable harm of being subjected to that high rate. Pl.'s Mem. 20; *see Final Results*, 73 Fed. Reg. at 52,825. Asahi points out that it participated in reviews for periods between 1990 and 2006, during which it received an average antidumping margin of 1.13%. Pl.'s Mem. 6.

The record does not support Asahi's futility argument. The record reveals that Asahi declined to pursue voluntary respondent status according to 19 U.S.C. § 1677m(a).[2] The

---

[2] When the International Trade Administration, U.S. Department of Commerce ("Commerce"), chooses for an individual examination fewer than all respondents, the statute requires Commerce to establish an individual margin for an additional, "voluntary" respondent if two conditions are met. 19 U.S.C. § 1677m(a) (2006). First, the voluntary respondent must submit the same information that Commerce required of the mandatory respondents and by the

(continued...)

Respondent Selection Memorandum, although identifying only three mandatory respondents for individual examination, *Resp't Selection Mem.* 3, did not preclude entirely the possibility that Commerce would conduct an individual examination of a voluntary respondent, *see id*. at 5 ("At the present time, there are no requests to review voluntary respondents. If we receive such a request in the near future we will re-examine this matter, taking into consideration available resources and the cooperation of selected respondents."). It further stated that "[i]f a mandatory respondent does not cooperate or withdraws its request for review and companies wishing to be treated as voluntary respondents have made timely responses . . . we may select a voluntary respondent to replace that mandatory respondent . . . ."[3] *Id.* Asahi nevertheless contends in its reply brief that "[t]here was no administrative appeal or remedy available to Asahi after its individual examination was rejected by the Department" and that "Asahi had no other option but to withdraw because no adequate remedy [was] available administratively after the Department refused to review Asahi's sales." Pl.'s Reply 5. Contrary to the premise of Asahi's futility argument, the record evidence consisting of the Department's treatment of the voluntary

---

[2](...continued)
same deadline. *Id*. § 1677m(a)(1). Second, the number of voluntary respondents must not be "so large that individual examination . . . would be unduly burdensome and inhibit the timely completion of the investigation." *Id.* § 1677m(a)(2).

[3] In fact, one mandatory respondent, NSK Ltd. ("NSK"), did withdraw, triggering the circumstance in which Commerce earlier stated it might select a voluntary respondent. *See Letter from NSK to the Sec'y of Commerce* 1-2 (Sept. 27, 2007) (Admin. R. Doc. No. 13346). In rejecting Asahi's claim, the court does not give weight to NSK's withdrawal because it is unclear from the record whether Asahi knew or reasonably should have known about that withdrawal in time to nullify the withdrawal request it filed on September 26, 2007 and pursue voluntary respondent status. *See id.* at 2 (listing parties to whom NSK served notice of its withdrawal and omitting Asahi).

respondent issue in the Respondent Selection Memorandum does not support a conclusion that Asahi's seeking voluntary respondent status would have been futile.

Asahi may well have preferred to know whether it would be granted voluntary respondent status before it was required to make a decision on whether to withdraw its review request. A procedure under which Asahi would have had that option would appear to be superior, from the standpoint of fairness, to what transpired in this case. However, the record does not indicate that pursuing such an option was Asahi's goal in requesting that Commerce extend the deadline by which it could withdraw its request for review. Instead, it appears that Asahi, when filing the request for a time extension, did not intend to seek voluntary respondent status. *Asahi Extension Request* 2 (noting that "non-mandatory respondents will not be submitting any information"). Moreover, Asahi does not contend that Commerce exceeded its discretion in denying the extension request.

In summary, the record requires the court to reject Asahi's futility argument that "there was no possibility that Asahi's sales would have been examined by the Department." Pl.'s Reply 9. The decision the Department announced publicly in the Respondent Selection Memorandum made it questionable, but not impossible, that Asahi would obtain its own antidumping duty margin in the eighteenth review through selection as a voluntary respondent. Asahi's being assigned the 10.00% rate cannot be described as the inevitable result of that decision. The futility exception is not available to Asahi because its seeking voluntary respondent status might have made a difference in the outcome of the agency proceeding. *See Corus Staal BV v. United States*, 502 F.3d 1370, 1379-80 (Fed. Cir. 2007) (noting that "[t]he mere fact that an adverse decision may have been likely does not excuse a party from a statutory

or regulatory requirement that it exhaust administrative remedies" and rejecting plaintiff's futility argument when it was "not obvious that the presentation of its arguments to the agency would have been pointless.").

Asahi also invokes the "pure legal question" exception to the exhaustion requirement, arguing that "[i]n this case the question is one of law, whether Commerce may, based on the record of this case, refuse to review Asahi." Pl.'s Mem. 19 (citations omitted). This argument is unpersuasive. Even were the court to accept the stated premise of that argument, that this case presents a pure question of law, it could not accept the implied premise of the argument, which is that Commerce refused to review Asahi. Commerce decided that Asahi would not be a mandatory respondent, but that decision was not, as plaintiff's argument would appear to hold, a final, irrevocable decision to "refuse to review Asahi." Because Commerce was never presented with a request to accord Asahi voluntary respondent status, it cannot be known whether Commerce would have granted such a request and calculated an individual weighted-average dumping margin for Asahi.

Plaintiff also argues that this court has declined to require exhaustion of administrative remedies where a judicial interpretation has intervened since the administrative proceeding. Pl.'s Mem. 18 (citing *Timken Co. v. United States*, 10 CIT 86, 92-93, 630 F. Supp. 1327, 1334 (1986); *Ceramica Regiomontana, S.A. v. United States*, 14 CIT 706, 709 (1990); *Rhone Poulenc, S.A. v. United States*, 7 CIT 133, 134-35, 583 F. Supp. 607, 609-10 (1984)). As the intervening judicial decision excusing the obligation to exhaust administrative remedies, plaintiff relies on *Zhejiang*, 33 CIT at __, 637 F. Supp. 2d at 1264-65, which held the Department's respondent selection decision unlawful on facts similar to those presented by Commerce's respondent

selection decision in this case. Pl.'s Mem. 18. This argument is unconvincing. Had Asahi failed to exhaust its administrative remedies because it did not raise during the review an objection to the unlawful decision to select mandatory respondents, *Zhejiang* conceivably could suffice to excuse that failure. But Asahi did object to the unlawful decision on mandatory respondent selection. *See Asahi's Resp't Selection Comments* 3-4. Rather, Asahi failed to exhaust its administrative remedies because it did not remain in the review, and remaining in the review would not have been futile because Asahi might have received an individual margin had it pursued voluntary respondent status.

The court does not construe plaintiff's exhaustion argument relying on *Zhejiang* to be that had the opinion in *Zhejiang* been issued before Asahi made its decision to withdraw its review request, Asahi would not have made that decision. But even were the court to so construe plaintiff's argument, it still would conclude that *Zhejiang* does not provide a reason for the court to decline to apply the exhaustion requirement in this case.[4] Asahi, in commenting to Commerce on a methodology for respondent selection, took issue with the Department's intention to limit respondents even though the *Zhejiang* decision, which in any event was not binding precedent on the Department for the eighteenth review, did not exist at the time. *See id*.

For these reasons, the "intervening judicial interpretation" exception to the exhaustion requirement is of no avail to Asahi.

---

[4] Also, *Zhejiang* is distinguishable from this case with respect to the issue of futility. *Zhejiang* does not hold broadly that a party may decline to seek voluntary respondent status and yet still bring a judicial challenge to the final results of a review. The court in *Zhejiang* concluded that Commerce's informing the plaintiff Zhejiang that the plaintiff would not be a voluntary respondent excused Zhejiang from submitting the data required for voluntary respondent status. *Zhejiang Native Produce & Animal By-Products Import & Export Corp. v. United States,* 33 CIT __, __, 637 F. Supp. 2d 1260, 1264-65 (2009).

### III. CONCLUSION

The court concludes that Asahi did not exhaust its administrative remedies in this case. The court further concludes from the particular circumstances, in which it would not have been futile for Asahi to seek to obtain voluntary respondent status, that Asahi may not obtain relief on its claim under a recognized exception to the exhaustion requirement. The court will deny plaintiff's motion for judgment upon the agency record and, in accordance with USCIT Rule 56.2(b), enter judgment for defendant.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: November 12, 2010
New York, New York